IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNION PACIFIC RAILROAD COMPANY, )
                                )           Civil Action No. 15cv32
                    PLAINTIFF,  )
                                )
VS.                             )
                                )
BROTHERHOOD OF LOCOMOTIVE       )           ORDER GRANTING MOTION
ENGINEERS and TRAINMEN, A Division )        FOR TEMPORARY
of the Rail Conference of the IBT, )        RESTRAINING ORDER AND
General Committee of Adjustment, )          ENJOINING
UPRR Central Region Committee,  )           DEFENDANT FROM
                                )           ENGAGING IN SELF HELP
                    DEFENDANT.  )

This matter is before the Court on the Motion for Temporary Restraining Order filed by Plaintiff Union Pacific Railroad Company (Filing No. 2). The Court has reviewed the Complaint, the motion and memorandum of law, and the Declarations of Elizabeth Dewald and Julie Phillips offered in support of the motion by Union Pacific Railroad Company. The court concludes that Union Pacific has demonstrated that the Defendant, Brotherhood Of Locomotive Engineers And Trainmen, A Division of the Rail Conference of the IBT, General Committee of Adjustment, UPRR Central Region Committee ("Union") and its representatives, by words and inaction, have given Union Pacific the reasonable impression that the Union is threatening to take self help against Union Pacific as soon as 12:01 a.m. Monday, January 26, 2015. The General Chairman's letter of January 9, 2015, wherein he characterizes the dispute between the parties as a major dispute, his subsequent refusal to discuss his specific issues relating to Union Pacific's proposal for implementing Article 40 (f), and the General Chairman's refusal to characterize the parties' dispute as a minor dispute when pressed by Union Pacific

1

representatives on January 23, 2015, convince me that there is an imminent threat of a potential strike.

Courts consider four factors in ruling on a motion for temporary or preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981)(articulating standard for preliminary injunction); Fed. R. Civ. P. 65. For the reasons that follow, I agree that a temporary restraining order is required to prevent the Defendant in engaging in unlawful self help on Monday morning.

Union Pacific argues that the dispute is a "minor dispute" that is subject to compulsory arbitration under the Railway Labor Act, 45 U.S.C. § 151-158. Where railroad management and labor are in a dispute involving the interpretation of an existing collective bargaining agreement provision, such disputes are considered "minor disputes" under the RLA and must be resolved in mandatory and binding arbitration. Consolidated R. Corp. v. Railway Labor Executives' Ass'n, 491 U.S. 299, 305-06 (1989). Approximately fifty years ago, the Supreme Court held that strikes over such "minor disputes" are illegal and may be enjoined by the courts. Brotherhood of R.R. Trainmen v. Chicago River & I.R.R. Co., 353 U.S. 30 (1957).

Moreover, there is no proof at this early stage that Union Pacific has engaged in any unilateral action in repudiation of a collective bargaining agreement. To the contrary, it appears that Union Pacific has engaged in negotiations in an attempt to "make and maintain" its agreements with the Union on issues relating to the interpretation and application of Article 40(f) of the MPUL Agreement. Both parties are required under the RLA to "make and maintain"

2

agreements.  For this reason, I conclude there is a high likelihood that UPRR will succeed on the merits of this case.

I find, based on the Phillips Declaration, that Union Pacific surely will suffer financial loss in the event of a strike.   The public too will suffer harm if a strike is permitted.  In addition to lost revenue from lost car loadings, the congestion that would occur on the UP system as a result of a strike would also adversely affect shippers, businesses and the public as that congestion is likely to spread across the United States.   Rail delays and interchange failures across the country are likely to occur given that key interchange gateways and switching yards are located in areas governed by the MPUL Agreement.  Moreover, any harm that might be sustained by the Union or its members who are Union Pacific employees is slight, and can be address through the grievance process outlines in the collective bargaining agreement.

For all these reasons, I conclude that Union Pacific is entitled to a temporary injunction to prevent Defendant from striking or engaging in other self help at this stage of the litigation.

ACCORDINGLY, IT IS ORDERED:

1. Plaintiff Union Pacific Railroad Company's Motion for Temporary Restraining Order (Filing No. 2) is granted;

2. Defendant Brotherhood Of Locomotive  Engineers and Trainmen, a Division the Rail Conference of the International Brotherhood of Teamsters, General Committee of Adjustment, UPRR Central Region Committee, its officers, and its members are enjoined from engaging in any type of self help during the period this order is in effect;

3. The temporary restraining order shall remain in effect for no more than 14 days; and

4. This matter will be scheduled for a hearing on a motion for preliminary injunction sometime after February 2.

5. Plaintiff must file its motion for preliminary injunction, if any, no later than January 28.

6. Defendant's opposition to the motion for preliminary injunction, if any, must be filed no later than February 2.

Dated this 24th day of January, 2015 at about 2:40 pm.

BY:    s/Richard G. Kopf

Richard G. Kopf, Senior U.S. District Judge